UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CYNTHIA FENN, )
     Plaintiff, )
) **C. A. No.:**
v )
)
NATIONAL RECOVERY AGENCY, INC., )
     Defendant. ) **JURY TRIAL DEMANDED**

## **COMPLAINT**

CYNTHIA FENN ("Plaintiff"), by and through her attorney, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., allege the following against NATIONAL RECOVERY AGENCY, INC. ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. Supplemental jurisdiction over all state law claims is proper pursuant to 28 U.S.C. § 1367 *et seq.*

3. Defendant conducts business in the State of Connecticut, therefore, personal

jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in New Britain, Connecticut.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its principal place of business located at 2491 Paxton Street, Harrisburg, PA 17111.

8. At all relevant times, Defendant acted as a "debt collector(s)" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Upon information and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes, as Plaintiff does not have any business debts.

11. Beginning in or around August 2015, and continuing through November 2015, Defendant contacted Plaintiff's cellular telephone on a repetitive and continuous basis in an attempt to collect a debt belonging to another.

12. Defendant's harassing debt collection calls derived from numbers including, but not limited to (800) 360-4319. The undersigned has confirmed that this number belongs to the Defendant.

13. At all relevant times, Defendant was contacting Plaintiff in its efforts to collect a debt from an unknown third party, Cynthia Loken.

14. When the calls first began, Plaintiff informed Defendant that it was calling the wrong number, that she was not Cynthia Loken and to stop calling her cellular telephone as the debt did not belong to her.

15. Despite Plaintiff advising Defendant that it was contacting the wrong person, that she was not named Cynthia Loken, and to stop calling, Defendant continued to call Plaintiff's cellular telephone number.

16. On at least one occasion, Defendant acknowledged Plaintiff's request to immediately stop calling her by hanging up on her during mid-conversation.

17. However, Defendant continued to contact Plaintiff on her cellular telephone.

18. Once Defendant was aware that its calls were to the wrong party any further calls could only have been for the purpose of harassing and coercing payment from a non-debtor.

19. Further, Defendant failed to update its records and continued to call Plaintiff despite being told on numerous occasions to stop calling her cellular telephone.

20. During these repeated telephone calls, Defendant's collectors used language intended to abuse and upset Plaintiff as well as made threats to Plaintiff.

21. For example, during one conversation, Defendant's female collector referred to Plaintiff as the pejorative term for female dog.

22. Plaintiff found this statement to be upsetting.

23. In another conversation, Defendant threatened to garnish Plaintiff's wages if the debt was not paid, even though it was not her debt to pay.

24. Defendant has not garnished Plaintiff's wages nor planned to do so but made these threats with the intent to scare and coerce payment from Plaintiff.

25. Defendant's telephone calls were also frequently placed at times known to be inconvenient, including after 9:00 p.m.

26. It was frustrating and annoying for Plaintiff to receive such continuous and repeated telephone calls from Defendant on her cellular telephone about a debt of another so she took measures to block Defendant's calls.

27. Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the alleged debt that did not belong to her.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I
### DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

28. A debt collector violates section 1692c(a)(1) of the FDCPA by contacting Plaintiff at a time known to be inconvenient, including after 9:00 p.m.

29. Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff at inconvenient times concerning a debt that was not hers and even after being told to stop calling.

### COUNT II
### DEFENDANT VIOLATED § 1692d, d(2) & d(5) OF THE FDCPA

30. A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which it to harass, oppress, or abuse any person in connection with the collection of a debt.

31. Defendant violated section 1692d when it called Plaintiff repeatedly and continuously for a debt that was not hers, with knowledge that she was in fact not the debtor, and by using obscene language directed to Plaintiff.

32. Defendant violated § 1692d(2) of the FDCPA by using language the natural consequence of which is to abuse the hearer or reader;

33. Defendant violated section 1692(2) when it used obscene language directed to Plaintiff.

34. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

35. Defendant violated section 1692d(5) when it called Plaintiff repeatedly and continuously for a debt that was not hers, with knowledge that she was in fact not the debtor.

## COUNT III
## DEFENDANT VIOLATED §§ 1692e, e(4), e(5) & e(10) OF THE FDCPA

36. A debt collector violates section 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

37. Defendant violated §1692e(4) of the FDCPA by representing that non-payment would result in garnishment of wages.

38. A debt collector violates section 1692e(5) of the FDCPA by threatening to take action that Defendant did not intend to take or could not legally be taken.

39. A debt collector violates section 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt.

40. Defendant violated sections 1692e, 1692e(4), 1692e(5), and 1692e(10) of the FDCPA when it threatened to garnish Plaintiff's wages for a debt of a third party, without the intent to do so and without the ability to do so, in hopes that it would coerce payment from Plaintiff.

## COUNT IV
## DEFENDANT VIOLATED § 1692f OF THE FDCPA

41. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

42. Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to stop calling Plaintiff, after being informed to stop calling after it knew it was calling the wrong party and Plaintiff had requested the calls to stop.

WHEREFORE, Plaintiff, CYNTHIA FENN, therefore respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CYNTHIA FENN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

CYNTHIA FENN
By her attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, ct28597
Kimmel & Silverman, P.C.
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380
atroccoli@creditlaw.com

Dated: September 20, 2016